IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| RODNEY C. CHIMNEY, | § | |
| (BOP # 31331-077) | § | |
| | § | |
| VS. | § | CIVIL ACTION NO.4:05-CV-261-Y |
| | § | |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| FEDERAL BUREAU OF PRISONS | § | |

OPINION and ORDER OF DISMISSAL UNDER 28 U.S.C. § 1915A(b)(1),
and UNDER 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii)

Plaintiff Rodney C. Chimney, a federal prisoner at the Bureau of Prisons ("BOP") FMC--Fort Worth facility, was permitted by the magistrate judge to proceed herein pursuant to 28 U.S.C. § 1915, with the filing fee to be collected as required by the Prison Litigation Reform Act (PLRA). Chimney initiated this action with a complaint naming the United States of America and the BOP as defendants.  He has since filed a document entitled "Addendum to Plaintiff's Original Complaint" which was docketed as a supplemental complaint with exhibits.  The Court has considered both documents in reviewing Chimney's claims.

Chimney complains that the BOP has improperly denied him placement in a community corrections center (CCC) for up to the last six months of his sentence, in retaliation for his challenge to a recommendation from the probation department that he was completely ineligible for community placement. (Compl. ¶¶ 4-6.) He contends that he was approved for 90 days' placement in CCC housing as provided under 18 U.S.C. § 3624(c), but that such determination

was then removed as a result of the recommendation. (Compl. ¶ 6.) Chimney contends that the denial of CCC placement made him ineligible for receipt of the full sentence-reduction benefits of the Residential Drug Abuse Treatment Program("RDAP") as provided under 18 U.S.C. § 3621 (e)(2)(B), in violation of his right to due process and equal protection of the law. (Compl. ¶ 8.) He also contends that the CCC placement denial caused him to suffer "numerous personal injuries," including "loss of guaranteed employment, loss of consortium and libel/slander" to the extent the denial implies that "he is a public safety factor and threat to the community." (Compl. ¶ 8, ¶ 12.)   Plaintiff claims that he is entitled to review of the denial of CCC placement under the Administrative Procedure Act ("APA") 5 U.S.C. § 702-706, and he contends that he is entitled to relief under 18 U.S.C. § 4042. (Compl. ¶ 1, ¶13.)   He seeks injunctive relief in the form of a directive from this Court to the BOP to reinstate him to eligibility for CCC placement. (Compl. § Prayer.)

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[1]  Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim

---

[1]*Neitzke v. Williams*, 490 U.S. 319,328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C.A. § 1915(e)(2)(A) and (B)(West Supp. 2005).

should be dismissed.[2]  Furthermore, as a part of the PLRA, Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after docketing.[3]  Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry.[4]  Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[5]  After review and consideration of Chimney's complaint and supplemental complaint, the Court finds that his claims must be dismissed under the authority of these provisions.

Plaintiff Chimney invokes the Court's federal question jurisdiction under 28 U.S.C. § 1331 by alleging violations of his constitutional rights, alleging the right to relief under the APA, and by seeking relief under 18 U.S.C. § 4042.  With regard to the alleged constitutional violations, Plaintiff has named as defendants only the United States of America and the BOP.  Although *Bivens* v. *Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403

---

[2]*See* 28 U.S.C.A. § 1915(e)(2)(West Supp. 2005); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson* v. *Oglesby*, 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

[3]*See* 28 U.S.C.A. § 1915A(a)(West Supp. 2005).

[4]*See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

[5]*Id., citing Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

U.S. 388 (1971) authorized a common-law right to recover for alleged constitutional violations from individual federal officers, no such remedy lies against the United States. Such claims are barred by the doctrine of sovereign immunity.[6]  The United States may not be sued except to the extent it has consented to suit by statute.[7] Thus, Plaintiff may not maintain an action for constitutional violations against the United States or the BOP in this civil complaint.[8]

The Court next turns to whether Plaintiff's claims for review of the BOP's actions under the APA support federal-question jurisdiction. The APA provides that a person may seek judicial review for an alleged legal wrong because of federal-agency action, and as such, qualifies as a waiver of sovereign immunity.[9] The APA also provides an express exception to this waiver such that courts *may not* review agency action when "(1) statutes preclude judicial review; or (2) agency action is committed to agency discretion by

---

[6]*See Correctional Services Corp. V. Malesko,* 534 U.S. 61, 71-72 (2001) ("The [federal] prisoner may not bring a *Bivens* claim against the officer's employer, the United States, or the BOP.  With respect to the alleged constitutional deprivation, his only remedy lies against the individual . . .").

[7]*United States v. Testan,* 424 U.S. 392, 399 (1976).

[8]*See generally Pack v. Yusuff,* 218 F.3d 448, 451 (5th Cir. 2000)(noting that a petition under 28 U.S.C. § 2241 is the proper vehicle for a prisoner to "attack the manner in which his sentence is carried out or the prison authorities' determination of its duration . . ."); *Richmond v. Scibana,* 387 F.3d 602, 605-606 (7th Cir. 2004)(analyzing the difference between a claim challenging individual sentence and placement decisions, which must be brought under § 2241, from a claim challenging the rules to be used by the BOP, which may be pursued under the APA).

[9]5 U.S.C.A. § 702 (West 1996).

4

law."[10] Plaintiff Chimney's claims for possible CCC placement for a portion of his imprisonment is provided under 18 U.S.C. § 3624(c), and his claim to receive consideration for a reduction of sentence for participation in a drug-abuse treatment program is provided under 18 U.S.C. § 3621(e)(2)(B). These provisions are grouped with 18 U.S.C. §§ 3622, and 3623-3626 as an "Imprisonment" subchapter of the "Post-Sentence Administration" Chapter of Title 18 of the United States Code. Section 3625 expressly provides that the APA "does not apply to the making of any determination, decision, or order under this subchapter."[11] This provision has been read to preclude review under the APA of the BOP's adjudication of an individual case.[12] Because Plaintiff seeks review of the BOP's application of 18 U.S.C. § 3624(c) and 18 U.S.C. § 3621(e)(2)(B) to his particular case, 18 U.S.C. § 3625 precludes jurisdiction under the APA.[13]

Plaintiff Chimney also contends that he is entitled to relief under 18 U.S.C. § 4042. That section provides in relevant part that the "duties" of the BOP include providing "suitable quarters" and "for the safekeeping, care, and subsistence of all persons charged

---

[10]5 U.S.C.A. § 701(a)(1) and (2)(West 1996).

[11]18 U.S.C.A. § 3625(West 2000).

[12]*See Richmond,* 387 F.3d at 605 ("A placement decision itself is not open to challenge under the APA . . ."); *see also Fristoe v. Thompson,* 144 F.3d 627, 630-31 (5th Cir.1998)(noting that although the rule-making activities of the BOP are reviewable under the APA, § 3625 precludes review the BOP's substantive decision in an individual case).

[13]*See generally Lundeen v. Mineta,* 291 F.3d 300, 304-05 (5th Cir. 2002)("If [5 U.S.C. § 701(a)(1) applies] statutory preclusion of judicial review would be jurisdictional in effect, requiring dismissal.")

with or convicted of offenses against the United States."[14] Although the Fifth Circuit has not ruled on whether this statute creates a private cause of action, the circuits that have considered the issue have found that it does not create a private cause of action against the BOP.[15]  Consistent with this persuasive authority, this Court determines that 18 U.S.C. § 4042(a)(2) does not create a private cause of action, and Plaintiff's claims thereunder must be dismissed for lack of subject matter jurisdiction.[16]

Therefore, as none of plaintiff Rodney Chimney's claims in this action support subject-matter jurisdiction over this civil complaint, it is DISMISSED WITH PREJUDICE[17] pursuant to 28 U.S.C. § 1915A(b)(1) and, alternatively, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii).

SIGNED September 9, 2005.

*Terry R. Means*

TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[14]18 U.S.C.A. § 4042(a)(2)(West 2000).

[15]See Harper v. Williford, 96 F.3d 1526, 1528 (D.C.Cir.1996); Chinchello v. Fenton, 805 F.2d 126, 134 (3d Cir.1986); Williams v. United States, 405 F.2d 951, 954 (9th Cir.1969); see also Nwabo v. Hawk-Sawyer, No.03-4184, 2004 WL 950073 (6th Cir. 2004)(unpublished).

[16]See Inciarte v. Spears, No. 97 Civ. 3155(HB), 1998 WL 190279, at *5 (S.D.N.Y. April 20, 1998).

[17]This dismissal is without prejudice to Plaintiff's right to seek, through a petition for a writ of habeas corpus under 28 U.S.C. § 2241, review of his sentence or the manner in which his sentence is being determined by BOP authorities.